UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK TURK, | No. 2:13-cv-1248-KJN |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff commenced this social security action on June 23, 2013. (ECF No. 1.) On July 23, 2013, the court issued a scheduling order requiring plaintiff to file a motion for summary judgment within 45 days from being served with the administrative record, unless plaintiff first submitted new evidence to the Commissioner along with a request for voluntary remand. (ECF No. 5 at 2.) The order cautioned the parties that failure to adhere to the scheduling deadlines may result in sanctions, including dismissal. (Id. at 3.) That same day, the court also issued an order requiring all parties to indicate, within 90 days, whether or not they consent to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5-1.)

The administrative transcript in this case was ultimately lodged on November 13, 2013. (ECF No. 11.) The docket reveals that, although the applicable deadlines have long passed, plaintiff has yet to indicate whether or not he consents to the jurisdiction of a United States

1

1 magistrate judge pursuant to 28 U.S.C. § 636(c), and has yet to file a motion for summary judgment. With respect to the latter, plaintiff has not notified the court that he had first submitted new evidence to the Commissioner along with a request for voluntary remand.

The court observes that it previously sanctioned plaintiff's counsel in a minimal amount of $100.00 for similar conduct in <u>Gier v. Commissioner of Social Security</u>, 2:13-cv-0012-KJN, ECF No. 16. In that case, plaintiff's counsel conceded that he had made some late filings and that, at times, no extensions of time had been requested, but attributed the late filings to the large number of cases that he had taken on. He also pointed out that all his cases "have been addressed within the same general time-frame as a more compliant practitioner would achieve by utilizing such requests." <u>Id.</u>, ECF No. 14. At that time, the court noted:

> Whether or not cases are generally addressed within a particular time-frame, compliance with the court's orders and procedures are not voluntary. In light of limited court resources, the court expects counsel to abide by deadlines in order for the court to meet its goals for resolution of social security cases, in which claimants have often been waiting several years to obtain judicial review of their claims.
>
> Moreover, it is counsel's responsibility to manage his caseload. Although the court recognizes that it may at times be difficult to comply with multiple deadlines in difference cases at the same time, the appropriate vehicle to address such difficulties, as plaintiff's counsel acknowledges, is a timely request for extension of time *prior to expiration of the deadline*. The court observes that, in another social security case pending before the undersigned, plaintiff's counsel also failed to file a motion for summary judgment by the required deadline and filed a tardy ex parte motion for extension of time to do so only after the order to show cause in this case issued. See <u>Vaupell v. Commissioner of Social Security</u>, 2:13-cv-74-KJN.

<u>Id.</u>, ECF No. 16 at 2. In <u>Gier v. Commissioner of Social Security</u>, the court found that:

> sanctions in the amount of $100 would be sufficient to deter future non-compliance with the court's orders at this juncture. Nevertheless, plaintiff's counsel is cautioned that future failure to abide by the court's orders, Local Rules, and other applicable procedural requirements will result in increased monetary sanctions or other appropriate sanctions.

<u>Id.</u>

////

2

Unfortunately, it appears that minimal monetary sanctions have not sufficiently encouraged plaintiff's counsel to abide by the court's scheduling deadlines. As noted above, scheduling deadlines are especially important in social security cases, because claimants often wait several years before obtaining judicial review of their cases. Accordingly, the court issues this order to show cause why an increased amount of monetary sanctions should not be imposed. The court envisions that, if sanctions are assessed, such sanctions would be imposed against plaintiff's counsel personally, so as not to unfairly punish plaintiff for any misdeeds of his counsel.

In light of the above, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of this order, plaintiff's counsel shall show cause why he should not be personally sanctioned in the amount of $500 based on his failure to comply with the court's scheduling deadlines and orders.

2. Within fourteen (14) days of this order, plaintiff shall file his statement concerning consent/decline of magistrate judge jurisdiction and shall file his motion for summary judgment.

3. Failure to file a response to the order to show cause, a statement concerning consent/decline of magistrate judge jurisdiction, and a motion for summary judgment by the required deadline may result in increased monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  February 14, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE